IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENT BELL,                          *

Plaintiff,                          *

v.                                  *    Civil Action No. GLR-17-1354

J MESSINA, et al.,                  *

Defendants.                         *
                                   ***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants, J Messina, Stacey Hoffman, Jason Ganoe, and Richard Dovey's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Defendants' Motion.

## I.    BACKGROUND[1]

In his unsworn Complaint, Bell provides the following recitation of events and statement of claim:

> On 02/01/17 at 8:40 am, my teacher a Mrs. J. Messina is guilty of slander and racial discrimination when she got upset when I said it[']s black history month and quoted the 13th Amendment, she said "I was stupid and ignorant["] in front of the whole class. When I said ["]lady this is the truth["]—she boldly said "don[']t call me lady, and your [sic] just ignorant." I then went and told the principal Stacey Hoffman of racial discrimination and a couple of days later, 4 or 6 days later I got a ticket for #400 disobey an order & #405 demonstrate disrespect or use vulg[a]r language. The hearing officer, a Mr Jason Ganoe said "even though this ticket

---

[1] Unless otherwise noted, the facts outlined here are taken from Bell's Complaint and the Court views them in the light most favorable to Bell.

makes no sen[s]e and you don[']t have any witnesses" which I told him I did as I wrote out on my appeal or challenge to charge, the class, the officer outside of class at desk and the principal I told immediately, he said "well her being a white woman you should have just shut up and stayed in your place[!"]. He, Mr. Ganoe wrote based on the credible evidence and findings of facts, provide a written explanation for the decision, 15 days cell restriction. The warden, Mr Richard Dovey. [sic] I[']m citing false statement, false applications/affidavits and perjury. This whole situation is to show me to bow down to white supremacy & white privilege. All Defendants are employees of the Maryland Correctional Training Center in Hagerstown, MD[.]

(Compl. at 2–3, ECF No. 1).[2]

Bell's Complaint is not a model of clarity. Based on his allegations that Messina "is guilty of . . . racial discrimination" for chastising Bell when he "said it[']s Black History Month and quoted the 13th Amendment," (id. at 2), and, possibly, for charging Bell with inmate rule violations, Bell appears to bring a claim under 42 U.S.C. § 1983 (2018) for violating Bell's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[3] Further, based on his allegations of "false statement, false applications/affidavits, and perjury," that seem to be the basis of his

_____

[2] When quoting from Bell's filings, the Court has modified the capitalization throughout to be consistent with ordinary writing standards, and does not further identify these modifications. All other modifications are noted.

[3] For the first time in his Opposition to Defendant's dispositive Motion, Bell alleges that Messina violated his First Amendment rights. (Pl.'s Opp. at 3, ECF No. 13-1). Because he failed to bring this allegation in his Compliant, it is not properly before the Court. See Caudle v. Stewart, No. 16-4066, 2018 WL 1406915, at * 5 (D.Md. Mar. 16, 2018) (citing Middlebrooks v. Univ. of Md., 166 F.3d 1209 (4th Cir. 1999) (unpublished)). Accordingly, the Court declines to consider it.

inmate rule violations, (Compl. at 3), Bell appears to bring a state law claim for defamation or malicious prosecution.[4]

Finally, Bell states that Ganoe, purportedly acting in the capacity of hearing officer, violated his rights under the Due Process Clause of the Fourteenth Amendment during the disciplinary hearing by: failing to let Bell call witnesses despite Bell identifying witnesses on his violation notice receipt; injecting racial considerations into Bell's disciplinary hearing, (see Compl. at 3) ("[Ganoe] said 'well her being a white woman you should have just shut up and stayed in your place'"); and finding Bell guilty of disciplinary violations despite Ganoe's acknowledgment that the reported violation notice "makes no sen[s]e." (Id.).[5]

---

[4] Bell cites Md. Code Ann. Crim. Law § 9-101, which criminalizes perjury. (Pl.'s Opp. at 5). However, a state criminal offense does not amount to a private cause of action in federal court, so Bell cannot maintain a private action against Defendants for the crime of perjury. To the extent that Bell is seeking criminal prosecution of Defendants for perjury, this claim also fails, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

[5] For the first time in his Opposition, Bell seeks to hold Defendant Dovey liable in his supervisory capacity for the actions of Messina, Hoffman, and Ganoe. Bell's claim against Dovey will be treated like his First Amendment claim and disregarded as not properly before the Court. While Bell insists that he did state a claim against Dovey, his insistence is belied by his Complaint which, as quoted above, states in an incomplete sentence and without any explanatory context, "The Warden, Mr. Richard Dovey." (Compl. at 3).

## II.     DISCUSSION

**A.     Standard of Review**

**1.     Motion to Dismiss**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff.  Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Bell filed his Amended Complaint pro se.  Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010).  Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief.  Hughes v. Rowe, 449 U.S. 5, 9–10 (1980).  But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

### 2.    Conversion to a Motion for Summary Judgment

In this case, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.  (ECF No. 10).  A motion styled as a motion to dismiss or, in the alternative, for summary judgment implicates the Court's discretion under Rule 12(d). See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462 (4th Cir. 2012).  This Rule provides that when "matters outside the

pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). The Court's complete discretion is guided by the United States Court of Appeals for the Fourth Circuit's two-part test for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion. Under this test, the "parties [must] be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment" and "the parties [must] first 'be afforded a reasonable opportunity for discovery.'" Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013) (quoting Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)).

When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005).

Here, Defendants caption their Motion in the alternative for summary judgment and attach matters beyond Bell's Complaint for the Court's consideration. (ECF Nos. 10-2 through 10-7). In response, Bell filed an Opposition that, in part, describes

constitutional violations based upon his personal knowledge, and Bell swears them under the penalties of perjury. (See Pl.'s Opp. Letter at 1, ECF No. 13-2). As a result, his Opposition is the equivalent of an opposing affidavit for summary judgment purposes. Cf. Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (holding that verified complaints are the equivalent of an opposing affidavit because the allegations are based on personal knowledge and sworn under the penalties of perjury). Nor does Bell request additional discovery. Because Bell offers his own matters beyond his Complaint and does not request additional discovery, the Court will construe Defendants' Motion as a motion for summary judgment.

### 3. Motion for Summary Judgment

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and

declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986).

**B.      Analysis**

**1.      Claims against Hoffman**

The Court concludes that Bell has failed to state a claim against Defendant Hoffman.  The sole mention of Hoffman in Bell's Complaint is his statement that, after Bell's February 1, 2017 interaction with Messina, he "went and told the Principal Stacey Hoffman of racial discrimination and a couple of days later, 4 or 6 days later I got a [disciplinary] ticket."  (Compl. at 3).  Bell does not articulate whether Hoffman had anything to do with the disciplinary ticket,[6] nor does he mention Hoffman in connection with the disciplinary hearing.  Thus, the Court will grant the Motion as to Bell's claims against Hoffman.

**2.      Equal Protection Claims**

The Court further concludes that Bell fails to provide sufficient evidence to support a claim under the Equal Protection Clause.

The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." <u>Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985) (citation omitted).  To establish a prima facie case for violation of equal protection, a plaintiff must show first "that he has been treated differently from others

---

[6] Indeed, Hoffman's name is totally absent from the violation notice.  (<u>See</u> Hull Decl. at 9, ECF No. 10-3) (violation notice prepared by Messina and approved by supervisor "Hewitt").  Although Bell stated in his violation notice receipt that he wanted the "principle" as a witness at his hearing, (<u>id.</u> at 10), there is no evidence that suggests that Hoffman was aware of this request.

with whom he is similarly situated," and second "that the unequal treatment was the result of intentional or purposeful discrimination." <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001). "If a plaintiff makes this initial showing, the court analyzes the disparity under the appropriate level of scrutiny." <u>Sandlands C&D LLC v. Cty. of Horry</u>, 737 F.3d 45, 55 (4th Cir. 2013) (citing <u>Morrison</u>, 239 F.3d at 654).

Here, Bell has failed to provide sufficient evidence that he was treated differently than similarly situated individuals. Construing the evidence in the light most favorable to Bell, a similarly-situated individual would be another student who misbehaved during class but was not charged with an inmate rule violation. Bell has not identified any such individuals.[7] Accordingly, Bell cannot demonstrate that he was treated differently on the basis of his race, and the Court will grant the Motion as to his claims under the Equal Protection Clause.

### 3.    Due Process Claims

Finally, the Court concludes that Bell fails to provide sufficient evidence to support a claim under the Due Process Clause.

The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of . . . liberty . . . without due process of law." U.S. Const. amend. XIV. Imprisonment is a deprivation of a liberty interest, but it is constitutional, provided that the conviction is valid and "the conditions of confinement do not otherwise violate

---

[7] Moreover, even though Bell alleges "racial discrimination," he has curiously failed to mention his own race in the Complaint, other than to imply that he is not white. (<u>See</u> Compl. at 3) ("This whole situation is to show me to bow down to white supremacy and white privilege.").

the Constitution." Meachum v. Fano, 427 U.S. 215, 224 (1976). Prisoners retain certain rights under the Due Process Clause. But, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556, 564–66 (1974) (listing limited due process protections that apply to prison disciplinary proceedings including, as relevant to Bell's claim, the right to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals").

To succeed on a due process claim, a plaintiff must first show the existence of a protected property or liberty interest. Mathews v. Eldridge, 424 U.S. 319, 332 (1976); Morrissey v. Brewer, 408 U.S. 471, 481 (1972). Absent a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." Olim v. Wakinekona, 461 U.S. 238, 250 (1983).

In the prison context, there are two different types of constitutionally protected liberty interests that trigger due process protections. The first is created when there is a state-created entitlement to an early release from incarceration. Bd. of Pardons v. Allen, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); Wolff, 418 U.S. at 557 (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Following the reasoning of the Supreme Court in Sandin, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative

segregation, because such placement does not constitute an atypical and significant hardship when compared with conditions inmates can be expected to experience as an ordinary incident of prison life. See Beverati v. Smith, 120 F.3d 500, 502–04 (4th Cir. 1997)

Because Bell does not provide evidence that his disciplinary violation resulted in the loss of good-time credits or otherwise implicated a state-created entitlement to an early release from incarceration, he is only entitled to due process protections if his punishment—fifteen days of cell restriction—amounted to an atypical and significant hardship. The Court concludes that Bell does not sufficiently make such a showing.

As noted above, courts have previously held that periods of administrative or disciplinary segregation, even with restrictive conditions, are not an "atypical and significant hardship" to trigger due process protections. See, e.g., Incumaa v. Stirling, 791 F.3d 517, 527 (4th. Cir. 2015). Moreover, this Court has concluded on numerous occasions that even cell restriction for periods longer than the fifteen days that Bell received does not trigger due process protections. See, e.g., Germain v. Bishop, TDC-15-1421, 2018 WL 1453336, at *12 (D.Md. Mar. 23, 2018) (no due process interest in avoiding 90-day period of cell restriction, among other punishment); Reynolds v. Shearin, DKC-13-2495, 2015 WL 570308, at *5 (D. Md. Feb. 10, 2015) (same, for 60-day period of cell restriction); Jones v. Morgan, RWT–10–2928 2011 WL 3299344, at *3 (D. Md. July 29, 2011) ("The addition of 30–days' cell restriction to Jones's punishment similarly fails to implicate a liberty interest.").

In sum, Bell provides insufficient evidence that his fifteen-day cell restriction amounted to the atypical hardship under <u>Sandin</u> or <u>Beverati</u>. Accordingly, the Court will grant the Motion as to Bell's claims under the Due Process Clause.[8]

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 10) is GRANTED. A separate Order follows.

Entered this 1st day of June, 2018.          _____/s/_____

George L. Russell, III
United States District Judge

---

[8] The Court declines to consider any defamation or malicious prosecution claims under Maryland law. District courts may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2018). District courts "enjoy wide latitude" in making this determination. <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995). Because Bell cannot prevail on his constitutional claims—which the Court has original jurisdiction over—this Court declines to exercise supplemental jurisdiction under § 1367(c)(3) and (4) over Bell's claims under Maryland law.